IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NORMAN CONNER, | ) | CASE NO. 3:16 CV 1718 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| STATE OF OHIO, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Norman Conner for a writ of habeas corpus under 28 U.S.C. § 2254.[2] In 2013, Conner was convicted by a Lucas County Common Pleas Court Judge of two counts of felonious assault and is serving a sentence of twenty-two years.[3] He is currently incarcerated at the Sandstone Federal Correctional Institute in Sandstone, Minnesota.[4]

In his petition, Conner raises three grounds for habeas relief.[5] The State has filed a return of the writ arguing that the petition should be dismissed because it is procedurally

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Christopher A. Boyko by order dated July 27, 2016.

[2] ECF No. 1.

[3] *Id.*

[4] https://www.bop.gov/inmateloc/

[5] ECF No. 1.

defaulted and without merit.[6] Conner has filed a traverse.[7] The State has filed a reply to the traverse.[8]

For the reasons that follow, I will recommend Conner's petition be dismissed in part and denied in part as set forth more fully below.

## Facts

### A.    Underlying facts, conviction, and sentence

The facts that follow come from the decision of the appeals court.[9]

Conner was a passenger in a car that was stopped because it lacked a front license plate.[10]  Before approaching the vehicle, the officer, Daniel Raab, shined a spotlight on the car.[11] He testified that he saw Conner appear to put something under his seat.[12] Officer Raab requested identification from both subjects, but the driver did not have a license.[13]  Raab stated that he watched as Conner put on a pair of gloves.  Raab also stated that Conner

---

[6] ECF No. 8.

[7] ECF No. 9.

[8] ECF No. 10.

[9]  Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[10] ECF No. 8, Attachment 1 at 247.

[11] *Id.*

[12] *Id.*

[13] *Id.*

appeared very nervous, staring at Raab's hand which was on his handgun.[14]  Raab returned

to his car and called for assistance because he thought the circumstances were suspicious.[15]

When two additional officers, Calzone and Lemke, arrived, the three approached the

car.[16]  Raab asked the driver to step out of the car.[17]  Calzone approached the passenger side

and opened the door.[18]  As Conner turned toward Calzone, Calzone saw he was holding a

gun.[19]  He then yelled "gun" to alert his fellow officers.[20] Calzone stated that he grabbed

Conner's hands and told him to drop the gun, which Conner refused to do.[21]  Calzone

testified that Conner verbally threatened to shoot the officers.[22]  During the struggle, Conner

fired the gun, lodging a bullet in the leg of the driver.[23]  Conner fired the gun a second time

towards the head of officer Lemke before he was successfully subdued by the officers.[24]

---

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.* at 248.

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

Conner was charged with three counts of felonious assault, each with a firearm specification.[25]  Following a bench trial, he was convicted on two counts.[26]  He was sentenced to eight years for each count of felonious assault, and an additional three years for each specification, to be served consecutively.[27]

In the United States District Court for the Northern District of Ohio, Conner pled guilty to one count of felon in possession of a firearm and was sentenced to 97 months in federal prison.[28] The Sixth Circuit Court of Appeals affirmed Conner's federal conviction and sentence on appeal.[29]

## B.    Direct Appeal

### 1.    *Ohio Court of Appeals*

Conner, through counsel, filed a timely[30] notice of appeal[31] with the Ohio Court of Appeals.   The appellate court granted Conner's appellate counsel's motion to withdraw and

---

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.* at 55-56.

[29] *Id.* at 63.

[30]   Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007).  Conner's conviction and sentence were journalized on December 5, 2013 (ECF No. 8, Attachment 1 at 121), and the notice of appeal was filed on December 11, 2013. *Id.* at 127.

[31] *Id.*

appointed new appellate counsel for Conner.[32]  Shortly thereafter, Connor's new counsel

filed a motion to withdraw and a statement that Conner signed stating that he knowingly

waive[d] his right to appellate counsel and asked to proceed *pro se.*[33]  The court of appeals

denied the motion and *pro se* request.[34]

In his brief, Conner filed two assignments of error:

1.  The Appellant was denied the effective assistance of counsel as
    guaranteed by the Sixth and Fourteenth Amendments to the United
    States Constitution and Article I, Section 10 of the Constitution of the
    State of Ohio.

2.  Consecutive sentences imposed on Appellant are contrary to law.[35]

The state filed a brief in response[36] that alleged that Conner's brief was constructively

an *Anders v. California*[37] no-error brief.  The court of appeals determined that Conner's brief

was a no-error *Anders* brief and ordered Conner's appellate attorney to re-file his motion to

withdraw and appellate brief.[38]

---

[32] *Id.* at 130.

[33] *Id.* at 131-33.

[34] *Id.* at 134.

[35] *Id.* at 139.

[36] *Id.* at 149.

[37] *Anders v. California*, 386 U.S. 738 (1967).

[38] ECF No. 8, Attachment 1 at 157-60.

Conner's appellate counsel re-filed a motion to withdraw as counsel[39] and a no-error *Anders* brief.[40]  The State filed a brief in response.[41]  Conner then filed, *pro se*, a brief that raised the following four assignment of errors:

1.  Whether the appellant was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendment.

2.  Whether the State presented sufficient evidence to convict Appellant beyond a reasonable doubt.

3.  Whether Appellant was denied his right to the Confrontation Clause of the Sixth Amendment.

4.  Whether Appellant's consecutive sentences are contrary to law.[42]

The State filed a brief in response.[43] The Ohio appeals court overruled all four assignments of error and affirmed the decision of the trial court.[44]

---

[39] *Id.* at 161.

[40] *Id.* at 163

[41] *Id.* at 171.

[42] *Id.* at 180.

[43] *Id.* at 219.

[44] *Id.* at 244.

## 2.    *The Supreme Court of Ohio*

Conner, *pro se*, thereupon filed a timely[45] notice of appeal with the Ohio Supreme

Court.[46]  In his brief in support of jurisdiction, he raised four propositions of law:

1.    All criminal defendants are entitled to effective assistance of counsel as guaranteed by the Sixth Amendment of the U.S. Constitution.

2.    The Fourteenth Amendment requires that a defendant be convicted beyond a reasonable doubt.

3.    The Sixth Amendment provides that the accused shall enjoy the right to be confronted with witness against him.

4.    Sentences should merge for being allied offenses of similar import under R.C. 2941.25.[47]

The State filed a waiver of memorandum in response.[48]  On July 8, 2015, the Supreme

Court of Ohio declined to accept jurisdiction of the appeal under S. Ct. Prac. R. 7.08(B)(4).[49]

---

[45]  *See* Ohio S. Ct. Prac. R. 7.01(A)(5)(b) (To be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.); *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case).  The Court of Appeals affirmed the trial court decision on March 31, 2015, and Conner filed his notice of appeal with the Supreme Court of Ohio on May 7, 2015; thus, his appeal is timely. ECF No. 8, Attachment 1 at 255.

[46]  ECF No. 8, Attachment 1 at 255.

[47]  *Id.* at 259.

[48]  *Id.* at 281.

[49]  *Id.* at 282.

### 3.     *Post conviction relief*

On March 24, 2014, Conner, *pro se*, filed a motion for a new trial with the trial court.[50] The State filed a response[51] and Conner filed a reply.[52] On May 6, 2014, the trial court denied the motion.[53]

## C.     Petition for writ of habeas corpus

On July 16, 2016, Conner, *pro se*, timely filed[54] a federal petition for habeas relief.[55] As noted above, he raises three grounds for relief:

GROUND ONE:     "Ineffective Assistance of Trial Counsel.  Appellant was deprived of his 6th and 14th Amendment rights protected under the United States Constitution."

Supporting Facts:     "Trial counsel failed to subpoena expert witness for the defense. Trial counsel failed to subpoena two police officers to the trial. Trial counsel failed to have ballistic tests performed on the bullet from the victim's leg.  Trial counsel failed to present

---

[50] *Id.* at 283.

[51] *Id.* at 304.

[52] *Id.* at 311.

[53] *Id.* at 315.

[54] The present petition for federal habeas relief was filed on June 28, 2016.  ECF No. 1. This is the date Conner, a *pro se* prisoner in state custody, stated this petition was put into the prison mail system for forwarding to this Court. The "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 276 (1988) recognizes that date as the date of filing. As such, it was filed within one year of the conclusion of Conner's direct appeal in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).

[55] ECF No. 1.

|                     | documents detailing the placement of video cameras in T.P.D. vehicles."[56] |
|---------------------|------------------------------|
| **GROUND TWO:**     | "The State introduced insufficient evidence to support conviction in violation of 'Due Process' rights under the 14th Amendment." |
| Supporting Facts:   | "Petitioner asserts that the evidence presented before the trial court was not legally sufficient to establish guilt beyond a reasonable doubt."[57] |
| **GROUND THREE:**   | "Appellant's sentence was contrary to law, which violated his 'Due Process' rights under the Fourteenth Amendment." |
| Supporting Facts:   | "Because this incident was one continuous act, allegedly committed with a single state of mind and the same conduct, the consecutive sentences should have been merged as being allied offenses of similar import."[58] |

## Analysis

### A.   Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Conner is currently in federal custody as the result of his conviction and sentence by an Ohio court, and subsequently a federal court on a felon in possession conviction, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[59]

---

[56] *Id.* at 5.

[57] *Id.* at 7.

[58] *Id.* at 8.

[59] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

2.      There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[60]

3.      In addition, Conner states,[61] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[62]

4.      Moreover, subject to the fair presentment arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[63]

5.      Finally, Conner has not requested the appointment of counsel,[64] but he has requested an evidentiary hearing to develop the factual bases of his claims.[65]

## B.    Controlling legal principles

### 1.   *Procedural default*

A claim not adjudicated on the merits by a state court is not subject to AEDPA review.[66] Such a claim is subject to procedural default if a petitioner failed to raise it when

---

[60] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[61] *See* ECF No. 1 at 12.

[62] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[63] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[64] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[65] 28 U.S.C. § 2254(e)(2). As stated by the Sixth Circuit, "district courts are precluded from conducting evidentiary hearings to supplement existing state court records when a state court has issued a decision on the merits with respect to the claim at issue." *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013) (citing *Cullen v. Pinholster*, 563 U.S. 170 (2011)).

[66] *See Harrington v. Richter*, 562 U.S. 86, 98 (2011).

state court remedies were still available, the petitioner violated a state procedural rule.[67]  The petitioner must afford the state courts "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[68]  This requires a petitioner to go through "one complete round" of the state's appellate review process,[69] presenting his or her claim to "*each appropriate state court.*"[70]  A petitioner may not seek habeas relief, then, if he or she does not first "fairly present[] the substance of his [or her] federal habeas corpus claim to the state courts."[71]

When a state asserts that a violation of a state procedural rule is the basis for default in a federal habeas proceeding, the Sixth Circuit has long employed a four-part test to determine whether the claim is procedurally defaulted.[72]  A petitioner's violation of a state procedural rule will bar federal review if the state procedural rule satisfies the standards set out in the test:[73]

---

[67] *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).

[68] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*) (citation omitted).

[69] *Boerckel*, 526 U.S. at 845.

[70] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added).

[71] *West*, 790 F.3d at 697 (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971) (internal quotation marks omitted).

[72] *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) (outlining four-part test); *Landrum v. Mitchell*, 625 F.3d 905, 916-17 (6th Cir. 2010) (applying test post-AEDPA).

[73] *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008).

-11-

(1) "[T]here must be a state procedure in place that the petitioner failed to follow."[74]

(2) "[T]he state court must have denied consideration of the petitioner's claim on the ground of the state procedural default."[75]

(3) "[T]he state procedural rule must be an 'adequate and independent state ground,'[76] that is both 'firmly established and regularly followed.'"[77]

(4) The petitioner cannot demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."[78]

In order to show "cause" for the default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[79]  In order to show "prejudice" for the default, the petitioner must show that the errors at trial "worked to [his or her] *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions."[80]

---

[74] *Id.* (citing *Maupin*, 785 F.2d at 138).

[75] *Id.*

[76] *Id.* (quoting *Maupin*, 785 F.2d at 138).  "A state procedural rule is an independent ground when it does not rely on federal law." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 732).

[77] *Id.* (citation omitted).

[78] *Id.* (quoting *Coleman*, 501 U.S. at 750).

[79] *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

[80] *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original)).

Additionally, "a credible showing of actual innocence" may also excuse an otherwise defaulted claim, and effectively allow a petitioner to seek review.[81]

Notwithstanding these elements, the Supreme Court has held that a federal habeas court need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[82]

### 2. Fair presentment

The standard of review outlined by 28 U.S.C. § 2254(d) applies by its own terms only to habeas claims "adjudicated on the merits in State court proceedings.[83]  When a federal habeas claim was fairly presented to but not adjudicated on the merits by the state courts, the federal habeas court must evaluate that claim under the pre-AEDPA standard, reviewing *de novo* questions of law and mixed questions of law and fact.[84]

---

[81] *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *see Schulp v. Delo*, 513 U.S. 298, 324 (1995) (explaining that a "credible" claim requires "new reliable evidence" and factual innocence beyond legal insufficiency).

[82] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1077 (6th Cir. 2015) ("[O]n occasion [the Sixth Circuit] has reached beyond the procedural-default analysis to address the underlying claim on the merits when it presents a more straightforward ground for decision.") (citation omitted).

[83] 28 U.S.C. § 2254(d); *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[84] *Maples*, 340 F.3d at 436; *Jones v. Bradshaw*, 489 F. Supp. 2d 786, 803 (N.D. Ohio 2007).  In circumstances not applicable here, federal courts employ a modified version of AEDPA deference to the state court decision in cases where the state court did not squarely address the petitioner's claim as a federal Constitutional claim, but its analysis nevertheless bears "some similarity" to the requisite analysis set forth in clearly established federal law. *Filiaggi v. Bagley*, 445 F.3d 851, 854 (6th Cir. 2006).

The requirement of fair presentment initially involves the issue of exhaustion, since the fair presentment doctrine, like the exhaustion requirement itself, is rooted in important federal-state comity concerns.[85] If the petitioner does not present the same claim on the same theory to the state court as is presented to the federal habeas court, state courts do not have a fair opportunity to resolve the matter on the grounds asserted by the petitioner before the federal court reviews the state court decision under the AEDPA.[86]

In the Sixth Circuit, a petitioner may fairly present his federal claim to the state court in a number of different ways:

> (a) by relying on federal cases employing constitutional analysis;
>
> (b) by relying on state court cases employing federal constitutional analysis;
>
> (c) by phrasing the claim in terms of constitutional law or terms sufficiently particular as to allege a denial of a specific constitutional rights;
>
> (d) by alleging facts well within the mainstream of constitutional law.[87]

But, as the Sixth Circuit has emphasized, fair presentment is not established by showing that the claim presented to the state court was "somewhat similar" to the federal constitutional claim, or that both claims arose out of the same set of facts, or even that a

---

[85] *Jalowiec v. Bradshaw*, 657 F.3d 293, 304 (6th Cir. 2011).

[86] *Id.* (citing *Picard v. Connor*, 404 U.S. at 275-78).

[87] *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

federal claim should have been "self-evident" from the "ramifications" of the state-law claim.[88] "The bottom line is that [there is a lack of fair presentment where] the state courts were not called upon to apply the legal principles governing the constitutional claim now being presented to the federal courts."[89]

Where the petitioner did not present the federal claim but instead a state-law claim, the federal claim is not exhausted. But, when any attempt now to return to state court to exhaust the federal issue would fail as untimely or as barred by *res judicata*, the federal claim is procedurally defaulted.[90]

## C.    Application of controlling principles

### 1.    *Ground One*

In his first ground for habeas relief, Conner argues that he was denied the effective assistance of trial counsel because his counsel failed to:

(1) subpoena expert witnesses to counter the experts presented by the prosecution;

(2) conduct ballistics tests on the bullet retrieved from the victim's leg; and

(3) offer evidence on the placement of video cameras in Toledo police vehicles.[91]

---

[88] *Id.*

[89] *Id.*

[90] *Id.*; *see O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (failure to timely exhaust a habeas claim in state court constitutes a procedural default).

[91] ECF No. 1 at 5.

Although the three grounds for relief raised here are not identical to the ineffective assistance grounds asserted to the Ohio appeals court in the *Anders* brief filed by Conner's court-appointed attorney,[92] they are substantially similar to the ineffective assistance grounds raised by Conner himself in a *pro se* brief where Conner presented the following four arguments for ineffective assistance:

(1) "Trial counsel failed to call forensic scientist, Larry Dehus, as a witness for the defense;"[93]

(2) "Trial counsel failed to have [the] bulled [*sic*] tested;"[94]

(3) "Trial counsel failed to subpoena officer's [*sic*] Below and Gillen;"[95] and

(4) "Trial counsel failed to produce documents detaining [*sic*] to the placement of video cameras in police vehicles."[96]

In his memorandum in support of jurisdiction to the Supreme Court of Ohio, Conner stated that although he had "presented four critical errors committed by trial counsel, only one error was addressed" by the appellate court – that being the claimed error in not calling a defense forensic expert.[97] In this brief, Conner restated the remaining three elements of his

---

[92] ECF No. 8, Attachment 1 at 163.

[93] *Id.* at 181.

[94] *Id.* at 184.

[95] *Id.* at 185.

[96] *Id.*

[97] *Id.* at 261.

ineffective assistance of trial counsel claim,[98] maintaining that in "overlooking" these deficiencies in counsel's performance, and the prejudice resulting therefrom, the appellate court's decision was "offensive" to the *Strickland* standard.[99]

In considering Conner's ineffective assistance claim, the Ohio appellate court began by restating the well-established two-part *Strickland* standard which requires that the claimant first show that his counsel's actions "fell below an objective standard of reasonableness," and then show "reasonable probability that but for counsel's perceived errors, the results of the proceeding would have been different."[100]

The court then analyzed the claim that Conner's trial counsel was ineffective because he did not call a forensic expert to testify under the *Strickland* rubric.[101]  The court initially noted that the decision to call an expert is usually considered to be within the discretion of trial counsel, and that such a decision is usually regarded as a "debatable trial tactic."[102]The appellate opinion then analyzed that decision as follows:

> {¶ 12} The expert at issue here expressed in a written statement that he could not conclusively determine that the shell casings found at the scene came from appellant's gun.  This is consistent with the testimony of the state's expert for one of the shell casings, and does not refute the testimony concerning the other shell casing.  Because appellant's trial counsel cross-examined

---

[98] *Id.* at 264-65.

[99] *Id.* at 266.

[100] *Id.* at 249.

[101] *Id.*

[102] *Id.* (citation omitted).

the state's forensic evidence, and presented the same doubts that his own expert would have, the decision to not call appellant's expert was a trial strategy and did not prejudice the defense under the *Strickland* test. Appellant's first assignment of error is not well-taken.[103]

In his traverse, Conner contends that the state court analysis initially overlooks that his trial counsel did not consult with him on the decision to not call the expert.[104] More importantly, he argues that the prejudice in this instance arose because the defense expert had concluded that the scientific evidence was "inconclusive" that both shell casings came from Conner's gun – not merely that, along with the prosecution's expert, scientific evidence was inconclusive as to only one of the shell casings.[105] By not calling the defense expert, Conner contends, defense counsel provided no evidentiary basis for concluding that the state expert was wrong in believing that one of the two shell casings did come from Conner's gun and thereby "guaranteed that [Conner] would be found guilty."[106]

Conner goes on to observe that trial counsel argued to the jury that "the most important piece of evidence" for Conner's defense was trajectory photographs from the Toledo police and from a defense expert that purportedly show it was physically impossible for the shot that hit the victim to have come from Conner's gun.[107] The difficulty with this

---

[103] *Id.* at 249-250.

[104] ECF No. 9 at 3.

[105] *Id.*

[106] *Id.*

[107] *Id.* at 4.

approach, Conner asserts, is that without a defense expert to present the trajectory photographs and explain their meaning, the prosecution could argue – and did – that it was plausible that defense counsel's interpretation of the trajectory photographs was wrong because there was no expert who testified as to the defense's view of this evidence.[108]

As to the prejudice prong of *Strickland*, Conner also maintains that the defense expert who was not called was highly credentialed and was prepared to testify that "neither of the shell casings recovered from the scene could conclusively be determined to have come from [Conner's] gun," thus establishing "a reasonable degree of scientific probability that the two shell casings were discharged from a different gun [than Conner's]."[109]  Moreover, Conner claims that personal testimony from the expert – and not a summary from counsel – would have explained how the trajectory analysis was conducted and why such analysis established that it was impossible that Conner fired the shot that hit the victim.[110]

It is important to recall in addressing this claim that Conner's major argument in his defense – indeed, the point of his testimony at trial – was that a police officer firing into the car hit the victim.[111]  It is also important to note, as did the Ohio appeals court, that ascertaining who fired the shot that hit the victim was not necessary to convict Conner of the crime of felonious assault, which simply required a showing that Conner caused or attempted

---

[108] *Id.* (quoting transcript).

[109] *Id.* at 5.

[110] *Id.* at 6.

[111] *Id.*

to cause physical harm to another by means of a deadly weapon.[112]  All that needed to be shown, as was undisputed, was (1) that Conner had a gun in his possession that he repeatedly threatened to use against the police and (2) which he did fire at Officer Lemke, although that shot did not hit the officer.[113]  Thus, under *Strickland*, Conner cannot establish that the result at trial would have been different if Conner's trial counsel had decided to have an expert testify as to the source of the shell casings.

In addition, although the state appeals court did not expressly address Conner's sub-claims that trial counsel erred by not conducting ballistics tests on the bullet recovered from the victim's leg or Conner's assertion that trial counsel erred by not pursuing evidence surrounding the placement of video cameras in Toledo police vehicles, no prejudice can be shown from those decisions. Moreover, the fact that the Ohio appeals court decided this entire ineffective assistance claim against Conner is itself entitled to deference by the federal habeas court, even where the state court provided no separate analysis of the particular components of that claim.[114]

Accordingly, upon AEDPA analysis, Ground One should be denied because the decision of the Ohio appeals court here was not an unreasonable application of the clearly established federal law of *Strickland*.

---

[112] ECF No. 8, Attachment 1 at 251.

[113] *Id.*

[114] *Harrington v. Richter,* 562 U.S. 86, 98-99 (2011).

2. *Ground Two*

In his second ground for relief Conner maintains that the prosecution introduced insufficient evidence to convict him. The state appeals court addressed that claim as follows:

> Specifically, we must determine whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. *Id.* at 390 (Cook, J., concurring); *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. *See also State v. Eley*, 56 Ohio St.2d 169, 383 N.E.2d 132 (1978); *State v. Barnes*, 25 Ohio St.3d 203; 495 N.E.2d 922 (1986).
>
> {¶ **15**} Appellant was convicted on two counts of felonious assault, violations of R.C. 2903.1l(A)(2). The elements of felonious assault are as follows: "[N]o person shall knowingly do either of the following: * * * Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
>
> {¶ **16**} It is undisputed that there was a gun involved in this incident and that it was in appellant's possession. The officers involved testified that appellant repeatedly threatened to kill them. Two shots were fired, one causing injury. We find this to be legally sufficient evidence to support all of the elements of the offenses charged. Appellant's second assignment of error is found not well-taken.[115]

Here, although the Ohio court did not specifically cite to the clearly established federal law of *Jackson v. Virginia*,[116] it nevertheless correctly articulated the relevant

---

[115] ECF No. 8, Attachment 1 at 250-51.

[116] *Jackson v. Virginia*, 443 U.S. 307 (1979).

standard of review as incorporated into Ohio case law. Further, it then relied on that standard to review the facts of the case, which facts are here presumed correct. Finally, it concluded that these facts were sufficient for a rational trier of fact to find that the essential elements of the crime were established beyond a reasonable doubt.

Accordingly, Conner's second ground for habeas relief should be denied because the state court's adjudication of this claim was not an unreasonable application of the established federal law of *Jackson*.

### 3. *Ground Three*

In his third ground for federal habeas relief, Conner contends that his consecutive sentences violated his Fourteenth Amendment due process rights.

Initially, as the State observes, Conner raised his sentencing claim throughout the Ohio courts as purely a question of state law, and in so doing never fairly presented a federal constitutional claim to the state courts.[117]  Moreover, as the State also observes, as the current federal due process argument is based on the trial court record and was fully knowable at the time Conner filed his state court appeal, it would therefore now be barred by *res judicata* if he were to return to state court.[118]

---

[117] ECF No. 8, Attachment 1 at 26-27 (citing record).

[118] *Id.* at 27.

Thus, this claim should be dismissed as either a non-cognizable claim of state law[119] or as procedurally defaulted for lack of fair presentment and that his failure to assert the federal claim to Ohio courts is barred by *res judicata*, with Conner offering no basis to excuse such default.

Further, the Ohio appeals court decision on this issue was that because Conner was charged with separate counts of felonious assault against each of the three officers, there was a separate animus for each officer and so the offenses were not subject to merger under Ohio law.[120]  To the extent that this decision of the state court rests on its interpretation of Ohio's merger doctrine in this case, the federal habeas court is bound by the determination that the sentences in this case did not violate Ohio law.[121]

Finally, assuming that Conner can be said to have somehow fairly presented a federal due process claim to the Ohio courts and that such claim is now properly before this Court, a successful Constitutional attack on the mere length of a state sentence authorized by law is extremely difficult because state court judges are recognized as having broad discretion in sentencing and substantial deference is given both to that decision and to the authority of

---

[119] *See Nunez v. Brunsman*, 886 F. Supp. 2d 765, 769-70 (S.D. Ohio 2012) (federal habeas relief only available to correct violations of federal law and so federal habeas court need not address whether state court properly applied state law to imposition of consecutive sentence).

[120] ECF No. 8, Attachment 1 at 253.

[121] *See Engle v. Isaac*, 456 U.S. 107, 128-29 (1982).

-23-

the legislature to enact penalties.[122] A sentence that falls within the statutory maximum generally does not constitute cruel and unusual punishment[123] and consecutive sentences in themselves do not violate due process.[124]

In sum, Ground Three should be dismissed as non-cognizable, procedurally defaulted, or, alternatively, denied on the merits because the state court decision here is not contrary to any clearly established federal law.[125]

## 4.  *Evidentiary hearing*

Although Conner has requested an evidentiary hearing,[126] the state court record was adequate to adjudicate the claims here.  Further, Conner has not pointed to any specific additional evidence that might be adduced at a hearing that would be relevant to any claim for habeas relief.  To the extent that such a hearing would go to the various aspects of the ineffective assistance of counsel claim, it has already been shown that the uncontested facts at trial were sufficient to convict Conner of felonious assault and so no evidence such as ballistics testing would be relevant to this petition.

---

[122] *See Solem v. Helm*, 463 U.S. 277 (1983).

[123] *Austin v. Jackson,* 213 F.3d 298. 302 (6th Cir. 2000).

[124] *See Oregon v. Ice*, 555 U.S. 160, 168-72 (2009).

[125] Conner presented no federal case authority or analysis based on such authority in his petition or in his traverse as concerns this claim. *See* ECF No. 1, Brief in support at 10-11; ECF No. 9 at 7.

[126] ECF # 1 at 15.

## Conclusion

For the foregoing reasons, the *pro se* petition for Norman Conner should be dismissed in part and denied in part.

Dated: August 2, 2018                        <u>s/ William H. Baughman, Jr.</u>
                                                  United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[127]

---

[127] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).