# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **NORMAN CONNER,** | ) | **CASE NO. 3:16CV1718** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **STATE OF OHIO,** | ) | **AND ORDER** |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Norman Conner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (ECF DKT #1). For the foregoing reasons, the Court accepts and adopts the Magistrate Judge's Report & Recommendation. The Court **DENIES** Grounds One and Two and **DISMISSES** Ground Three as a non-cognizable claim of state law.

## FACTS

On February 5, 2011, an officer from the Toledo Police Department conducted a routine stop of a vehicle. Petitioner was the passenger in the vehicle. Upon approaching the vehicle, the officer observed suspicious behavior from the occupants. The officer requested backup. Moments later, two additional police officers arrived on the scene. Together, the three officers approached the vehicle.

Upon approaching the passenger side of the vehicle, one officer noticed Petitioner holding a gun. The officer yelled "gun" to alert the other officers. A struggle ensued, as the officer attempted to wrestle the weapon away from Petitioner. A second officer joined the scrum. Despite the officers' repeated commands to drop the weapon, Petitioner refused and instead verbally threatened to shoot the officers on multiple occasions.

During the struggle, the weapon discharged, hitting the driver. One officer was standing behind the driver at the time the driver was wounded. Moments later, the weapon discharged again for a second time, this time near the head of a second officer. Petitioner had his hands on the firearm at all times during the struggle. Eventually, officers successfully subdued Petitioner and removed his weapon.

Petitioner was charged with three counts of Felonious Assault of a Peace Officer, pursuant to R.C. § 2903.11, each with a Firearm Specification. Following a bench trial, a judge convicted Petitioner on two counts. The court sentenced Petitioner to eight years for each count of Felonious Assault and an additional three years for each Firearm Specification, for a total of 22 years.

Petitioner filed a timely appeal with the Ohio court of appeals.[1] The appellate court affirmed the conviction on March 31, 2015. *See Ohio v. Conner*, 2015 WL 1510956 (Ohio App.

---

[1]Petitioner asserted the following Assignments of Error in his appeal:

(I) Whether the [Petitioner] was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendment;
(II) Whether the State presented sufficient evidence to convict [Petitioner] beyond a reasonable doubt;
(III) Whether [Petitioner] was denied his right to the Confrontation Clause; and
(IV) Whether [Petitioner's] consecutive sentences are contrary to law.

2015). On May 7, 2017, Petitioner timely appealed this decision to the Ohio Supreme Court. He raised substantially similar assignments of error. On July 8, 2015, the Ohio Supreme Court declined jurisdiction over the case.

On June 28, 2016, Petitioner filed the current Petition under § 2254. He asserts the following grounds for relief:

> **GROUND ONE:** Ineffective Assistance of Trial Counsel. [Petitioner] was deprived of his 6th and 14th Amendment rights protected under the United States Constitution.
>
> **Supporting Facts:** Trial counsel failed to subpoena expert witness for the defense. Trial counsel failed to subpoena two police officers to trial. Trial counsel failed to have ballistic tests performed on bullet from victim's leg. Trial counsel failed to present documents detailing the placement of video cameras in T.P.D. vehicles.
>
> **GROUND TWO:** The State introduced insufficient evidence to support conviction in violation of "Due Process" rights under 14th Amendment.
>
> **Supporting Facts:** Petitioner asserts that the evidence presented before the trial court was not legally sufficient to establish guilt beyond a reasonable doubt.
>
> **GROUND THREE:** [Petitioner]'s sentence was contrary to law, which violated his "Due Process" rights under the Fourteenth Amendment.
>
> **Supporting Facts:** Because this incident was one continuous act, allegedly committed with a single state of mind and the same conduct, the consecutive sentences should have been merged as being allied offenses of similar import.

On July 27, 2016, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. On August 2, 2018, the Magistrate Judge issued his Report and Recommendation, in which he recommended that the Court dismiss in part and deny in part the Petition. On September 28, 2018, Petitioner filed his Objection to the Report and Recommendation. On October 5, 2018, the State of Ohio filed its Response to Petitioner's

objections.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d) provides the writ shall not issue unless the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Id.* at 409-11.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing § 2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

**Ground One - Ineffective Assistance of Counsel**

The Magistrate Judge recommended that this Court deny Petitioner's first Ground for

Relief because the appellate court's adjudication of the claim was not an unreasonable application of the federal law of *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner objects and argues that his trial counsel should have tested the bullet from the victim's leg. According to Petitioner, if the bullet were tested, the result would reflect that the bullet did not come from Petitioner's weapon and he did not shoot near one of the police officers. Thus, he would be not guilty of one count of Felonious Assault.

To make out an ineffective assistance of counsel claim, Petitioner must demonstrate both inadequate performance by counsel and prejudice resulting from that inadequate performance. *Strickland*, 466 U.S. at 687. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686. Indeed, under the test set forth in *Strickland*, a petitioner must establish deficient performance and prejudice:

> First, the [petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. Unless a [petitioner] makes both showings, it cannot be said that the conviction...resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.

The Court agrees with the Magistrate Judge's recommendation. At the outset, the appellate court's adjudication is entitled to deference. Here, the appellate court applied the correct *Strickland* standard. *See Conner*, 2015-Ohio-1274, ¶ 10. While it is true that the appellate court only discussed Petitioner's allegation concerning the failure to call the defense

expert, the appellate court's opinion is presumed to have adjudicated all sub-arguments on the merits. *See Johnson v. Williams*, 568 U.S. 289, 301 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits"). While this presumption is rebuttable, Petitioner has not done so in this instance. Since the appellate court's decision is not "objectively unreasonable", the Court affords that decision great deference.

Moreover, Petitioner's request to test the bullet would have been futile. The bullet traveled through the car and into the driver's leg. When extracted, the bullet was too fragmented in order for an expert to test it. The State attempted to test the bullet but found that it was impossible due to its fragmented nature. *See* ECF DKT #1-5. It was therefore not deficient performance to not submit the fragmented bullet for testing. Further, it certainly was not prejudicial to Petitioner as testing would not have produced different results.

Accordingly, Petitioner has failed to demonstrate that his counsel's failure to test the bullet fragment was deficient and prejudiced Petitioner. Ground One is without merit and denied.

**Ground Two - Sufficiency of Evidence**

The Magistrate Judge recommended that this Court deny Petitioner's second Ground for Relief because the appellate court's adjudication of the claim was not an unreasonable application of the federal law of *Jackson v. Virginia*, 443 U.S. 307 (1979). Petitioner objects, citing two examples that he believes do not support his conviction.

The Court agrees that the appellate court articulated the appropriate standard of review. A conviction is not supported by sufficient evidence if a rational trier of fact could not have

found the essential elements of the crime beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319. Here, the appellate court articulated the sufficiency of the evidence standard as whether viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. *See Ohio v. Conner*, 2015-Ohio-1274, ¶ 14 (Ohio App. 2015). Since the appellate court applied a state standard that is similar to the federal claim, the Court affords the state decision great deference. *Bey v. Bagley*, 500 F.3d 514, 520 (6th Cir. 2007).

The only way then that the Court may grant Petitioner's second Ground for Relief is if the state court's decision constituted an "unreasonable application" of clearly established Supreme Court precedent. *Williams v. Taylor*, 529 U.S. at 411. A prisoner cannot obtain habeas relief if the state court's decision, although wrong, was not objectively unreasonable. *Bryan v. Bobby*, 843 F.3d 1099, 1106 (6th Cir. 2016). A decision is not unreasonable merely because it is incorrect or even clearly erroneous. *Id.* So long as *fairminded jurists* could disagree on the correctness of the state court's decision, it is not an unreasonable one. *Id.* The fairminded jurist standard is extremely deferential. *See Cullen v. Pinholster*, 563 U.S. 170, 188 (2011).

Here, the appellate court concluded in three short sentences that there was legally sufficient evidence to support all the elements of the offenses charged. *See Conner*, at ¶ 16. Petitioner was convicted of two counts of Felonious Assault under R.C. § 2903.11. That statute prohibits an individual from causing or attempting to cause harm knowingly with a deadly weapon. R.C. § 2903.11(A)(2). The act of pointing a deadly weapon at another coupled with a threat, which indicates an intention to use such weapon, is sufficient evidence to convict a defendant of felonious assault under R.C. § 2903.11(A)(2). *Ohio v. Green*, 58 Ohio St.3d 239,

241 (Ohio 1991). Mere possession of a deadly weapon without additional evidence however, is insufficient to support a felonious assault conviction. *Ohio v. Brooks*, 44 Ohio St.3d 185, 192 (Ohio 1989). Rather, there must be an overt act directed towards the assault by a defendant. *Ohio v. Goggans*, 2002-Ohio-2249, ¶ 20 (Ohio 8th Dist. 2002).

While the Court would have preferred to see more analysis from the appellate court, its decision was not objectively unreasonable. The appellate court found that the presence of a gun, repeated threats to the police officer's lives and two shots fired (one causing injury to a non-victim), were sufficient to support two convictions for Felonious Assault. The Court's own review of the record further supports this finding. All officers involved in the struggle to obtain the gun testified that Petitioner ignored commands to drop the weapon. Two officers testified that they heard "clicks" that sounded like Petitioner was pulling the trigger of the gun with a police officer underneath him. Authorities later determined that the gun had jammed after the second shot which prevented the weapon from firing. All of these actions, when reviewed in totality and in a light most favorable to the prosecution, demonstrate multiple overt acts of Petitioner towards the assault of the officers.

Accordingly, the Court finds that there was sufficient evidence to support Petitioner's convictions beyond a reasonable doubt. Ground Two is denied.

**Ground Three - Unlawful Sentence**

The Magistrate Judge recommended that this Court dismiss Petitioner's third Ground for Relief as a non-cognizable claim of state law.[2] Petitioner objects, arguing that, as a *pro se*

---

[2]The Magistrate Judge also found that, in the alternative, Petitioners claim was both procedurally defaulted and meritless. The Court agrees and incorporates the Magistrate Judge's analysis herein.

Petitioner, he did not know he had to present the issue to the state court as a federal constitutional claim.

The Court agrees with the Magistrate Judge's recommendation. It is well-established that federal habeas relief is unavailable to retry state issues that do not rise to the level of a federal constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *see also Nunez v. Brunsman*, 886 F. Supp. 2d 765, 769 (S.D. Ohio 2012) ("habeas relief is only available to correct violations of federal law"). A state claim does not transform into a federal constitutional violation merely from alleging a due process violation at the habeas level. *See Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) ("general allegations of the denial of... 'due process' have been held insufficient to 'fairly present' federal constitutional claims"). A claim that does not present a federal claim is non-cognizable and subject to dismissal.

Here, Petitioner presented his sentencing claim purely as an issue of state law throughout his state appeals. He never presented his claim as a federal constitutional violation. By inserting the words "due process," Petitioner did not suddenly create a federal constitutional claim. Thus Petitioner has not alleged a cognizable claim for habeas review.

Further, Petitioner's *pro se* status is insufficient to excuse his state law claim. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)). Furthermore, any alleged "ignorance" is similarly inadequate. *Id.* Finally, Petitioner presented his other two grounds for relief on federal constitutional grounds, which demonstrates he had the capacity to properly present his claims.

Since Petitioner only presented a state law claim throughout his appeals and not a factual claim based on a federal violation, his third Ground for Relief is non-cognizable. Petitioner's

*pro se* status does not excuse this failure. Accordingly, the Court dismisses Ground Three.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's Report and Recommendation, **DENIES** Grounds One and Two and **DISMISSES** Ground Three of Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: November 29, 2018**